UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Editions Cahiers d'Art, EURL, | ) |
| Plaintiff, | ) CIVIL ACTION NO. _____ |
| vs. | ) COMPLAINT FOR (1) BREACH OF CONTRACT, (2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, AND (3) CONVERSION |
| Twyla, Inc. and Marco Fine Arts, Inc. | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Editions Cahiers d'Art, EURL ("Cahiers d'Art" or "Plaintiff") alleges for its Complaint against Twyla, Inc. ("Twyla") and Marco Fine Arts, Inc. ("MFA"; together with Twyla, "Defendant") as follows:

### The Parties

1. Plaintiff is an *entreprise unipersonnelle a responsabilite limitee* ("EURL") organized and existing under the laws of France with its principal place of business in France. A EURL is in some ways analogous to a corporation organized and existing under the laws of a U.S. State and is in some ways analogous to a limited liability company organized and existing under the laws of a U.S. State. Plaintiff's sole owner is Cahiers d'Art Holding Ltd., which is a corporation organized and existing under the laws of Malta with its principal place of business in Malta.

2.     Twyla is a corporation organized and existing under the laws of Delaware with its principal place of business in Texas.

3.     MFA is a corporation organized and existing under the laws of California with its principal place of business.

4.     On information and belief, MFA purchased and/or is otherwise the successor in interest to Twyla.  Any reference to "Defendant" herein shall be deemed a reference to either Twyla or MFA as appropriate for that part of the timeline.

### Jurisdiction and Venue

5.     Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(2), as it involves citizens of a State and citizens of a foreign State and the amount in controversy, excluding costs and fees, exceeds $75,000.  In particular, if Plaintiff is treated as a corporation it is a citizen of France (only) and if Plaintiff is treated as an LLC it is a citizen of Malta (only), while Defendant is a citizen of Texas and either California or Delaware.

6.     This Court has personal jurisdiction over Defendant, because Defendant agreed to the jurisdiction of this Court in the agreement between the parties, as further described below; because Defendant has purposefully availed itself of the privilege of conducting business in this jurisdiction and invoked the benefits and protections of the law of this jurisdiction; and the exercise of personal jurisdiction is reasonable.

7.     Venue with is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2), as Defendant is subject to personal jurisdiction in this District and thus deemed to reside here.

8.     Pursuant to Rule 18(a)(3) of the local Rules for the Division of Business Among District Judges, this matter is properly assigned to the Manhattan courthouse.

### Factual Allegations

9.     Plaintiff and Defendant entered into a July 17, 2017 *Consignment Agreement* (the "Agreement"), pursuant to which Defendant was to (among other things) act as a consignee in selling certain works created by Jonh Giorno.  In particular, the Agreement called

for a total of 80 prints (numbered and signed by the artist) to be made available for sale at Defendant's premises in Austin, Texas and for Defendant to have exclusive rights to sell the prints at issue in North America.

10. As is typical in consignment arrangements, the Agreement provided that "[t]he consigned prints shall remain the sole property of the Consignor [*i.e.*, Plaintiff] until paid in full by the Consignee [*i.e.*, Defendant]. The Agreement is thus properly read to include an implicit requirement that any unsold prints would be returned by Defendant to Plaintiff.

11. The Agreement established a retail price of 2,100 euros for each print and provided that upon each sale Defendant was required to remit 80% of that amount (1,680 euros) to Plaintiff. (Actual payment was to be made in U.S. dollars at the conversion rate in effect at the time of sale.) Defendant was required to provide Plaintiff with "regular and detailed information" regarding any sales.

12. The Agreement was for a term of two years (*i.e.*, until July 17, 2019), subject to extension by agreement of the parties and subject to earlier termination in response to a noticed and uncured material breach of the Agreement. There was no extension or early termination of the Agreement.

13. The Agreement included a no waiver / enforcement provision stating: "The failure of either party to enforce any of its rights under this agreement shall not be deemed a continuing waiver or a modification. Either party may commence appropriate legal proceedings to enforce any or all such rights."

14. The Agreement further included the following choice of law and choice of jurisdiction clause: "The agreement shall be construed under the laws of the State of New York. The parties submit to the jurisdiction of the courts of the State of New York and the Federal courts of the United States of America for all disputes related to this agreement."

15. At the end of the Agreement's term, Defendant had sold only one of the 80 prints in its possession. The remaining 79 prints have a current value of approximately 197,500 euros (*i.e.*, 2,500 euros per print).

16. Beginning in 2021, Plaintiff requested a final accounting of sales and a return of any unsold prints.

17. Defendant confirmed that only one of the 80 prints had been sold and did not dispute that the remaining 79 prints belonged to Plaintiff and were required to be returned. Nonetheless, Defendant to this date has failed and refused to return the prints, despite Plaintiff's continuing demands that Defendant do so.

### First Cause of Action – Breach of Contract

18. Plaintiff re-alleges and incorporates herein all preceding paragraphs.

19. The Agreement is a valid written contract, properly executed by Plaintiff and Defendant.

20. Plaintiff has fulfilled all of its obligations under the Agreement, other than those (if any) that it was excused from performing.

21. Defendant breached the Agreement, as detailed above, by improperly refusing to comply with its obligations under the Agreement, including in particular its obligations to return the 79 prints.

22. As a consequence of Defendant's breach of the Agreement, Plaintiff has suffered damages in an amount to be determined at trial, reasonably estimated to exceed $200,000.

### Second Cause of Action – Breach of the Covenant of Good Faith and Fair Dealing

23. Plaintiff re-alleges and incorporates herein all preceding paragraphs.

24. As part of its obligations under the Agreement and in light of the consideration provided thereunder, Defendant agreed to act in good faith and to deal fairly with Plaintiff in connection with both parties receiving the benefits of the Agreement.

25. Defendant nevertheless refused and failed to act in good faith and deal fairly with Plaintiff, and breached those obligations to Plaintiff, including without limitation by acting failing to return the 79 prints despite the clear statement in the Agreement that title was retained by Plaintiff unless and until a print was sold and the appropriate commission remitted.

26. As a consequence of Defendant's wrongful conduct, Plaintiff has suffered damages in an amount to be determined at trial, reasonably estimated to exceed $200,000.

### Third Cause of Action – Conversion

27. Plaintiff re-alleges and incorporates herein all preceding paragraphs.

28. Through its refusal to return the 79 prints owned by Plaintiff, Defendant has intentionally and successfully interfered with Plaintiff's right to possess and thus profit from the prints.

29. Defendant thus has exercised dominion over the 79 prints to the exclusion of Plaintiff's possessory right to the prints.

30. As a consequence of Defendant's wrongful conduct, Plaintiff has suffered damages in an amount to be determined at trial, reasonably estimated to exceed $200,000.

31. In acting as described herein, Defendant has acted with conscious and deliberate disregard for Plaintiffs interests and with malicious intent, thus entitling Plaintiff to an award of punitive damages in an amount to be determined at trial.

### PRAYER

Wherefore, Plaintiff prays judgment against Defendants as follows:

1. for compensatory damages in an amount to be determined at trial;
2. for punitive damages in an amount to be determined at trial;
2. for prejudgment interest as permitted by law;
3. for postjudgment interest as permitted by law;
4. for costs of suit; and

Case 1:23-cv-10436 Document 1 Filed 11/29/23 Page 6 of 7

5. for such other relief as the Court may deem proper.

Dated: November 29, 2023

Respectfully submitted,

*s/ Richard J. Mooney*_____
Richard J. Mooney (*pro hac vice* anticipated)
richard.mooney@rjmlitigation.com
**RJM Litigation Group**
505 Montgomery St. #1100
San Francisco, CA 94111
Telephone: (415) 874-3711

*Attorneys for Plaintiff Editions Cahiers d'Art, EURL*


**Demand for Jury Trial**

Plaintiff requests a trial by jury for all issues in this action triable to a jury.

Dated:  November 29, 2023

Respectfully submitted,

*s/ Richard J. Mooney*_____
Richard J. Mooney (*pro hac vice* anticipated)
richard.mooney@rjmlitigation.com
**RJM Litigation Group**
505 Montgomery St. #1100
San Francisco, CA 94111
Telephone:   (415) 874-3711

*Attorneys for Plaintiff Editions Cahiers d'Art, EURL*